519 P.2d 240

**F. R. BAYLE, Jr., Plaintiff and Appellant,**

v.

**Edzel Lane DROEGEMEIER, Defendant and Respondent.**

**No. 13364.**

Supreme Court of Utah.

Feb. 21, 1974.

Wallace R. Lauchnor, Bayle & Lauchnor, Salt Lake City, for plaintiff and appellant.

Edward B. Gesas, Salt Lake City, for defendant and respondent.

HENRIOD, Justice:

Appeal from a no cause of action judgment by the court, sitting without a jury in an auto collision case. Affirmed, with costs to defendant.

Each party here urges that the other was the sole proximate cause of the damage done to the respective autos,—plaintiff's being estimated by himself,—no one else,

—at about $500, and defendant's being estimated by himself,—no one else,—at $75 to $100,—all of which might be indicative that this case may be one born of vitriolic and mutual disaffection among the litigants. This possible conjecture seems to be born out by the facts that two competent lawyers ordinarily would charge fees far in excess of the aggregate damages alleged, for trying this case, preparing briefs, appealing to this court, then insisting on orally arguing it, with but one point involved,—that of sufficiency of the evidence. This theory, that belligerence begets battery is reflected in the record where the litigants here joined with an investigating officer to form a tripartite assemblage where, at the scene of the tragedy, harsh words were not scarce, few or far between.

The facts were highly controversial, and each party to this appeal cites facts favorable to himself, which aborts the rule that they should be recited in an atmosphere favorable to their arbiter, if reasonably believable. We resolve the controversion in favor of Judge Hanson, named in the syllabus above, than whom there is no better arbiter, and whose knowledge about controversion, finds itself without peer.

All that happened in this case is that plaintiff, in a sports car, came down a steep hill and bumped into defendant's truck. There was a sharp difference of opinion as to the speed of the plaintiff's car and as to whether defendant's truck was moving or stalled as he was attempting to enter the driveway of his home. The trial court found everyone in this case to have been negligent,—except the policeman,—and we think that the record, reflecting properly admitted facts, if believable by that mysterious "reasonable prudent man," requires us to affirm the trial court, —and to suggest that if the damages claimed here are indicative of possible damage, safety and economy, the wise one would buy a truck instead of a sports car.

CALLISTER, C. J., and CROCKETT and TUCKETT, JJ., concur.

ELLETT, J., concurs in the result.